## OTIS v HOUSEL

Ohio Appeals, 9th Dist, Summit Co

No 2029.   Decided Dec 15, 1931

McKeehan, Merrick, Arter & Stewart, Cleveland, Leroy B. Davenport, Cleveland, Kingsley A. Taft, Cleveland and Benner, Harter & Watters, Akron, for plaintiff in error.

Clyde F. Beery, Akron, for defendant in error.

**PARDEE, PJ.**

First, that the trial court permitted plaintiff to amend her petition during the trial to include items of damages which broadened the scope of the inquiry and permitted introduction of evidence which otherwise would not have been admissible under the allegations of the petition as it was originally filed. Objection was made by the defendant Otis at the time the amendments were made and exceptions taken.

At the time this permission to amend her petition was granted the plaintiff, it was in the middle of the trial, and the court expressly stated to the defendants that they would have ample opportunity and time to meet these amendments and any evidence offered by the plaintiff to sustain the same. The defendants did not request the court to continue the case for the purpose of further preparation, and upon the record as we find it in this regard, we find that no prejudice resulted to said defendants, as the court clearly indicated to them that full opportunity would be granted to meet the new situation. We are therefore unanimously of the opinion that the court did not abuse its discretion in this respect.

Second. During the trial, over the objection and exception of the defendant Otis, the court permitted the witness Alva L. Light to testify that the driver of the defendant Otis' car told him immediately after the accident that he "never saw the damn car"—meaning Hale's car, in which plaintiff was riding. This was admitted upon the theory that it was part of the res gestae. Later, without objection, when said driver was upon the stand, he was permitted to state that he did not remember having made said statement. Thereafter the court, upon motion of defendant Otis, withdrew this testimony from the consideration of the jury and told them to disregard the same.

We find no prejudice resulting to the defendant in this regard.

Another complaint made is that "the verdict against the defendant Otis for $15,000 was not sustained by sufficient evidence; was contrary to law, and the damages were excessive, appearing to have been given under the influence of passion and prejudice."

The evidence shows that the plaintiff received very serious injuries and that it is reasonably certain that she will continue to suffer from them during the rest of her life. The question of the extent of her injuries was properly submitted to the jury, and we do not find that the damages awarded were excessive or appear to have been given under the influence of passion and prejudice. The question was one to be submitted to the jury under proper instructions, and we are unable to say that the finding thereon is manifestly against the weight of the evidence.

Another complaint made is that the trial court erroneously gave special instructions to the jury before argument, as submitted by the attorneys for the defendant Hale, the ones about which the defendant Otis complains being Nos. 1, 4, 5, 7, 8 and 9, the theory being that the giving of these instructions to the jury created the impression that the court believed that the defendant Otis was probably negligent.

All of said requests except No. 9 were proper statements of the law as applicable to the facts in this case, and this one, standing alone, might give the impression to the jury that the court believed the plaintiff's injuries were caused by "the negligent manner in which the driver of the Lincoln automobile operated said car as it approached and went upon said intersection." This was technically incorrect and should not have been given as drafted, but when taken in connection with the general charge, in which the court properly and fully charged upon the burden of proof, which was cast upon the plaintiff before she was, entitled to recover from either one or both of said defendants, we do not see how the jury could misunderstand or be misled by said charge.

Another complaint made is that the court erred, to the prejudice of the defendant Otis, in charging that if the defendant Otis' driver violated §12603-1 GC, and such violation constituted a lack of ordinary care, such violation would be negligence which could be a basis of recovery by the plaintiff.

We have examined this alleged error and do not find any justification for this complaint.

Upon the whole record we find that both of said defendants, as well as the plaintiff, had a fair and impartial trial; that there are no errors in the record prejudicial to any of said parties; and that the jury was fully warranted in finding the defendant Otis guilty and the defendant Hale not guilty of negligence which was the direct and proximate cause of the plaintiff's injuries, and upon the record we do not see how the plaintiff could be charged with any negligence.

We therefore affirm the judgment.

WASHBURN, J and FUNK, J, concur.